UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GENORVAL BLUNT, )
 )
        Plaintiff, )
 )
   v. ) No. 4:12CV344 FRB
 )
FARMERS INSURANCE COMPANY, et al., )
 )
        Defendants. )

**MEMORANDUM AND ORDER**

        Presently pending before the Court are multiple motions filed by the parties, and specifically: plaintiff's Motion for Leave to File Petition for Damages in Excess of $100,000.00, Personal Injury-Vehicle (Doc. #4); defendant Farmers Insurance Company's Motion to Dismiss (Doc. #9); defendant Chad Berendzen's Motion to Dismiss (Doc. #11); plaintiff's Motion for Leave to File a Settlement Proposal Into Evidence (Doc. #12); and plaintiff's Motion for Leave to Amend Pleadings in Opposition to Motion to Dismiss of Defendant Chad Berendzen (Doc. #13). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

        On February 24, 2012, plaintiff Genorval Blunt filed the instant cause of action in this Court alleging that defendant Chad Berendzen's negligent operation of his motor vehicle caused a collision between his and plaintiff's vehicle, causing injury to plaintiff. Plaintiff further claims that defendant Farmers

Insurance Company, Berendzen's insurer, has failed or refused to settle plaintiff's claims against Berendzen. Plaintiff and defendant Berendzen are residents of the State of Missouri. Plaintiff avers that defendant Farmers Insurance Company does business in the State of California. Plaintiff seeks damages in excess of $100,000.00.

Defendant Berendzen now seeks to dismiss this cause arguing that this Court lacks subject matter jurisdiction over the matter inasmuch as complete diversity is lacking between the parties. Defendant Farmers Insurance Company seeks to dismiss plaintiff's Complaint arguing that plaintiff has failed to state a claim upon which relief can be granted inasmuch as plaintiff alleges only that Farmers Insurance Company is defendant Berendzen's insurer. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006); see also Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 811 (8th Cir. 2003) (federal court has no power to decide merits of case over which it has no jurisdiction). Accordingly, the Court turns first to defendant Berendzen's claim that this Court lacks subject matter jurisdiction over the cause.

"Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the

United States and is inflexible and without exception." Kessler v. National Enter., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (internal quotation marks and citation omitted). If a defendant challenges a plaintiff's allegations of jurisdictional facts, the plaintiff bears the burden of supporting his allegations by competent proof. Hedberg v. State Farm Mut. Auto. Ins. Co., 350 F.2d 924, 929 (8th Cir. 1965); Veeder v. Omaha Tribe of Neb., 864. F. Supp. 889, 896 n.8 (N.D. Iowa 1994).

In diversity actions, federal courts have original jurisdiction where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the matter is between citizens of different States. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). To determine subject matter jurisdiction in diversity cases, the Court must look to the parties' status at the time the lawsuit was filed. Id.

At the time plaintiff commenced this action, he and defendant Berendzen were both citizens of the State of Missouri. As such, at the commencement of this lawsuit, original jurisdiction on the basis of diversity was lacking. Plaintiff's proposed amended pleadings do nothing to cure this jurisdictional defect. Cf. Wilson v. Westinghouse Elec. Corp., 838 F.2d 286, 290 (8th Cir.

1998) (citing <u>Mathews v. Diaz</u>, 426 U.S. 67, 75 (1976)). Nor has plaintiff presented anything to the Court demonstrating that federal question jurisdiction exists over the cause or that any other basis exists over which this Court may exercise original subject matter jurisdiction. A review of plaintiff's Complaint, as well as his proposed pleadings and other filings with the Court, shows this cause of action to be based exclusively on state law.

Because diversity of jurisdiction is lacking in the cause, and no other basis for federal jurisdiction appears on the face of plaintiff's Complaint, the matter is not properly in federal court and must be dismissed for lack of subject matter jurisdiction. Plaintiff's proposed amended pleadings do nothing to cure this jurisdictional defect. Because of the futility of plaintiff's proposed amended pleadings, leave to file such pleadings will be denied. <u>United States ex rel. Joshi v. St. Luke's Hosp., Inc.</u>, 441 F.3d 552, 557-58 (8th Cir. 2006). Finally, because the Court does not have subject matter jurisdiction to determine the merits of plaintiff's claims, defendant Farmers Insurance Company's request for this Court to determine its motion to dismiss for failure to state a claim should be denied, but without prejudice in the event this cause of action is refiled in a proper forum.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff Genorval Blunt's

Motion for Leave to File Petition for Damages in Excess of $100,000.00, Personal Injury-Vehicle (Doc. #4) and Motion for Leave to Amend Pleadings in Opposition to Motion to Dismiss of Defendant Chad Berendzen (Doc. #13) are denied as futile.

**IT IS FURTHER ORDERED** that defendant Chad Berendzen's Motion to Dismiss (Doc. #11) for lack of subject matter jurisdiction is granted.

**IT IS FURTHER ORDERED** that defendant Farmers Insurance Company's Motion to Dismiss (Doc. #9) for failure to state a claim is denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff Genorval Blunt's Motion for Leave to File a Settlement Proposal Into Evidence (Doc. #12) is denied without prejudice.

**IT IS FURTHER ORDERED** that this cause is hereby dismissed without prejudice for lack of subject matter jurisdiction.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _5th_ day of June, 2012.